# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CV 52

| | |
|---|---|
| EFA PROPERTIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LAKE TOXAWAY COMMUNITY ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| LAKE TOXAWAY COMMUNITY ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Counter Claimant, ) | ORDER |
| ) | |
| v. ) | |
| ) | |
| EFA PROPERTIES, LLC, ) | |
| ) | |
| Counter Defendant. ) | |
| ) | |
| _____ ) | |

This matter is before the Court on the Motion for Leave to Join Additional Parties and Claims (# 13) filed by Lake Toxaway Community Association, Inc. ("LTCA"). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, LTCA's motion is GRANTED in part and DENIED in part.

**I.     Factual and Procedural Background**

On February 19, 2017, EFA Properties, LLC ("EFA"), filed a Complaint to Quiet Title and

for a Declaratory Judgment.  See Compl. (# 1).  EFA seeks to establish its rights with respect to its property along the shore of Lake Toxaway.[1]  Id. at 1.

EFA is a Louisiana Limited Liability Company, which is licensed with its principal headquarters and place of business in Jefferson Parish, Louisiana.  Id. ¶ 1.  LTCA is a North Carolina corporation with its headquarters and principal place of business in Transylvania County, North Carolina.  Id. ¶ 2.  Jurisdiction for this action is based on diversity of citizenship, pursuant to 28 U.S.C. § 1322.  Id. ¶ 7.

In its Complaint, EFA raised the following claims:  (1) equitable estoppel/laches/waiver (id. ¶¶ 76-105); (2) declaratory judgment as to EFA's easement appurtenant (id. ¶¶ 106-121); (3) quiet title as to EFA's easement appurtenant (id. ¶¶ 122-24); (4) declaratory judgment as to disputed property (id. ¶¶ 125-28); and (5) quiet title as to disputed property (id. ¶¶ 129-31).

On June 29, 2017, LTCA filed an Amended Motion to Dismiss, Answer, and Counterclaims (# 10), in which it raised the following counterclaims:  (1) declaratory relief; quiet title (id. ¶¶ 41-45); (2) trespass (id. ¶¶ 46-53); (3) breach of restrictive covenants (id. ¶¶ 54-57); (4) nuisance (id. ¶¶ 58-63); (5) violation of North Carolina Sedimentation and Pollution Control Act ("SPCA") (id. ¶¶ 64-74); and (6) punitive damages (id. ¶¶ 75-78).  On July 28, 2017, EFA filed a Motion to Dismiss and Answer to Counterclaims (# 11).

On August 4, 2017, LTCA filed the instant Motion for Leave to Join Additional Parties and Claims (# 13), in which it requests leave to file its Second Amended Counterclaims.[2]  Id. at 1. In particular, LTCA seeks to join the following parties as additional defendants for purposes of its counterclaims and the assertion of additional counterclaims: Suzanne Terrell and Lee Terrell

---

[1] The blocking of Toxaway River resulted in the creation of an artificial or man-made lake in Transylvania County, North Carolina, which is referred to as Lake Toxaway.  Compl. (# 1) ¶ 10; Answer (# 10) ¶ 10.
[2] A proposed Second Amended Motion to Dismiss, Answer, and Counterclaims ("Second Amended Counterclaims"), without exhibits, is attached to the instant motion.  See Br. Supp. (# 14-1).

(the "Terrells"), Holbrook and Nichols Construction Co., Inc. ("Holbrook & Nichols"), and John F. Holbrook ("Holbrook"). Br. Supp. (# 14) at 1-2.

LTCA also seeks to expand or add the following counterclaims: (1) Count One for declaratory relief/quiet title, which is currently made against EFA, will be expanded to include the Terrells, Holbrook & Nichols, and Holbrook; (2) Count Two for trespass, which is currently made against EFA, will be expanded to include the Terrells, Holbrook & Nichols, and Holbrook; (3) Count Three for breach of restrictive covenants, which is currently made against EFA, will be expanded to include the Terrells, Holbrook & Nichols, and Holbrook; (4) Count Four for nuisance, which is currently made against EFA, will be expanded to include the Terrells, Holbrook & Nichols, and Holbrook; (5) Count Five for violation of the SPCA, which is currently made against EFA, will be expanded to include the Terrells, Holbrook & Nichols, and Holbrook; (6) Count Six for punitive damages, which is currently made against EFA, will be expanded to include the Terrells, Holbrook & Nichols, and Holbrook; (7) A new Count Seven for conspiracy will be added against all counterclaim defendants; and (8) a new Count Eight for piercing the corporate veil will be added against the Terrells. Id. at 3-4.

On September 1, 2017, EFA filed a Response (# 19) in opposition. LTCA filed a Reply (# 23) on September 15, 2017.

## II. Legal Standards

### A. Amendments to Pleadings

Within the Fourth Circuit, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Denial on the basis of

futility is appropriate only "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510; accord Joyner v. Abbott Labs., 674 F. Supp 185, 190 (E.D.N.C. 1987). Denial on the basis of futility is also appropriate when the proposed amendment could not withstand a motion to dismiss. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995) (citing Glick v. Koenig, 766 F.2d 265, 268-69 (7th Cir. 1985)).

To survive a motion to dismiss, the factual allegations in the complaint, or in this case, the Counterclaim, must "state a claim to relief that is plausible on its face" and that "permit[s] the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citation omitted). The pleading party must rely on "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, the pleading party is not required to "plead facts that constitute a prima facie case in order to survive a motion to dismiss." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Owen v. County of Franklin, Va., No. 7:17CV205, 2017 WL 6391486, at *2 (W.D. Va. Dec. 14, 2017).

B.   **Joinder of Additional Parties**

Pursuant to Federal Rule of Civil Procedure 13, the joinder of additional parties to a counterclaim is governed by Federal Rules of Civil Procedure 19 and 20. Fed. R. Civ. P. 13(h); Pennsylvania Intern. Educ. Serv. Grp., LLC v. Xie, No. 1:14CV1203(JCC/MSN), 2015 WL 2195183, at *2 (E.D. Va. May 11, 2015).

Federal Rule of Civil Procedure 19 establishes a two-step inquiry for assessing the joinder of parties. In re N.C. Swine Farm Nuisance Litigation, No. 5:15CV13-BR, 2017 WL 2312883, at *4 (E.D.N.C. May 25, 2017) (citing Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999)). Under the first step, Rule 19(a) refers to persons that are required to be joined if feasible.

Fed. R. Civ. P. 19(a). A "required party" is "[a] person who is subject to the service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). A "required party" must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties;[3] or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Id.

If the person has not been joined when required, the court must order that the person be made a party. Fed. R. Civ. P. 19(a)(2). On the other hand, if the person is not a required party, the analysis ends. Mainstream Constr. Grp., Inc. v. Dollar Props., LLC, No. 7:09-CV-148-BR, 2010 WL 2039671, at *2 (E.D.N.C. May 20, 2010).

Pursuant to the second step, when a "required party" cannot be joined, the court must assess under Rule 19(b) whether the proceeding should continue in its absence. Am. Gen. Life & Accident Ins. Co v. Wood, 429 F.3d 83, 92 (4th Cir. 2005). In short, the court must determine whether the party is "indispensable." Id.

### III. Discussion

#### A. Second Amended Counterclaims

##### 1. LTCA's proposed amended Count Three for breach of restrictive covenants is denied.

---

[3] The phrase "complete relief" has been defined as "any relief that will effectively and completely adjudicate the dispute." U.S. Bank Nat'l Ass'n v. Sofield, No. 5:16CV84-RLV-DSC, 2017 WL 2569740, at *7 (W.D.N.C. June 13, 2017) (quoting Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 518 (M.D.N.C. 2008)).

EFA argues that Count Three of LTCA's proposed amended pleading asserts that EFA, the Terrells, Holbrook & Nichols, and Holbrook breached the restrictive covenant found in Article III of the 1961 and 1962 Deeds.[4] Resp. Oppos. (# 19) at 4. EFA further argues that LTCA's proposed pleading asserts that Article III "expressly and plainly prohibit wall encroachments into the lake such as that constructed by EFA as complained above." Id. (citing Mem. Supp. (# 14-1) at 44). Article III provides:

> ARTICLE III. ARCHITECTURAL CONTROL. No building, fence, lodge, wall or other structure, shall be erected or maintained, nor shall any addition thereon be made until the plans and specifications have been submitted to and approved in writing by the Architectural Control Committee. The decision of the said Architectural Control Committee shall be final and binding. The minimum square footage of [sic] structure shall not be less than 1,350 square feet in the living area of the home. Any structure for the purpose of housing a boat must be approved by the Architectural Committee.

Compl. (# 1-2, 1-3). Thus, as EFA correctly notes, Article III does not mention encroachments. Id. It does, however, address the requirement that the addition of a building, fence, lodge, wall, other structure, or addition must be submitted and approved in writing by the Architectural Control Committee. Id.

Pursuant to Article XI of the same deeds, the Architectural Control Committee is required to act promptly on requests or forfeits its enforcement rights. Id. Article XI states:

> Article XI. Architectural Control Committee. The grantor, it successors or assigns, shall annually appoint an Architectural Control Committee, consisting of three competent persons as members to serve until their successors are appointed. A majority of said Committee shall have authority to act on all matters submitted to the Committee. A majority of said Committee may also designate a representative to act for it. The Committee's approval or disapproval as required by Article III and Article IV shall be in writing. In the event that the Committee, or it's designated representative, fails to act on any matters submitted to it hereunder within thirty (30) days thereafter, or in any event, if no suit to enjoin any construction or improvement required to be submitted to said Committee and properly submitted thereto, and started after the expiration of said 30-day period, has been commenced prior to the institution thereof, approval shall not be required

---

[4] The 1961 and 1962 Deeds are filed as attachments to the Complaint. See Compl. (# 1-2, 1-3).

6

and the provisions of this instrument shall be deemed to have been fully complied with.

Id.

The term covenant refers to a binding agreement that benefits both covenanting parties. Armstrong v. Ledges Homeowners Assn, Inc., 633 S.E.2d 78, 84 (N.C. 2006). Real covenants create a servitude on the land subject to the covenant and can be either restrictive or affirmative. Id. at 85. Classic restrictive covenants include covenants limiting land use and establishing setback and side building line requirements. Id. On the other hand, affirmative covenants impose affirmative duties on landowners, such as an obligation to pay assessments for the maintenance of common areas and amenities. Id.

A restrictive covenant is a real covenant that runs with the land of the dominant and servient estates when "(1) the subject of the covenant touches and concerns the land, (2) there is privity of estate between the party enforcing the covenant and the party against whom the covenant is being enforced, and (3) the original covenanting parties intended the benefits and the burdens of the covenant to run with the land." Runyon v. Paley, 416 S.E.2d 177, 183 (N.C. 1992). "[R]estrictive covenants are contractual in nature, and [the] acceptance of a valid deed incorporating covenants implies the existence of a valid contract with binding restrictions." Warrender v. Gull Harbor Yacht Club, Inc., 747 S.E.2d 592, 600 (N.C. App. 2013) (quoting Moss Creek Homeowners Ass'n, Inc. v. Bissette, 689 S.E.2d 180, 184 (N.C. App. 2010)); see Wise v. Harrington Grove Cmty. Ass'n, 584 S.E.2d 731, 736 (N.C. 2003) (stating that courts will enforce restrictive covenants in the same manner as any other contract).

The only party that can enforce a real covenant is the owner of the dominant estate or his successor in interest. Runyon, 416 S.E.2d at 182-83. The owner of the dominant estate can only enforce a real covenant against the owner of the servient estate or his successor in interest. Id.

7

At the outset, the Court notes that neither party has cited case law directly on point. That having been said, the Court has located basic legal principles from the North Carolina Supreme Court, which seem to cover the issue. In particular, in <u>Wise</u>, the Court held that "[a] court will generally enforce [restrictive covenants] to the same extent that it would lend judicial sanction to any other valid contractual relationship." 584 S.E.2d at 736 (citation omitted). For instance, "[a]s with any contract, when interpreting a restrictive covenant, the fundamental rule is that the intention of the parties governs." <u>Id.</u> (citation omitted).

Applying the above-stated legal principles, this Court concludes that LTCA may not bring an action for restrictive covenants against parties who are not subject to them pursuant to both contract principles and the intent of the parties. This Court notes that EFA is the owner of the servient estate against which LTCA is attempting to assert proposed Count Three.[5] Moreover, neither the Terrells, Holbrook & Nichols, nor Holbrook are grantees in the chain of title.

In sum, LTCA's proposed amendment to Count Three, with respect to the Terrells, Holbrook & Nichols, and Holbrook, is not recognized under North Carolina law. Because the amendment to Count Three would be futile, it must be denied.[6]

### 2. LTCA's proposed amendment to Count Five for violation of SPCA is granted in part and denied in part.

EFA argues that LTCA's motion seeking leave to allow the proposed amendment to Count Five, which alleges a violation of SPCA, would be futile with respect to the Terrells, Holbrook & Nichols, and Holbrook because not one of them were cited for a violation. Resp. (# 19) at 10.

---

[5] LTCA's proposed pleading makes this clear. "12. By deed recorded in Deed Book 734, Page 428, Transylvania County Registry . . . EFA acquired all of Lot 54A[.] Br. Supp. (# 14-1) at 34.
[6] In the alternative, EFA argues that the amendment to Count Three must be denied because the time period for LTCA to bring an action to enforce restrictive covenants is barred by the applicable statute of limitations. Resp. Oppos. (# 19) at 7-10. Because the Court concludes that the amendment under Count Three would otherwise be futile, the Court need not address EFA's alternative argument.

Citing Applewood Properties, LLC v. New S. Properties, LLC, 742 S.E.2d 776, 777 (N.C. 2013), EFA argues that "before an injured person can have standing to bring a civil action pursuant to section 113A-66 of the SPCA, the defendant must have been cited for a violation of a law, rule, ordinance, order, or erosion and sedimentation control plan." Resp. Oppos. (# 19) at 10. EFA concludes that it is the undisputed property owner, and the violation was addressed to them; thus, LTCA cannot bring its SPCA claim against anyone else. Resp. (# 19) at 11.

LTCA argues that pursuant to N.C. Gen. Stat. § 113A-66(a), SPCA provides that a person injured can "bring a civil action against the person alleged to be in violation." Reply (# 23) at 5. LTCA further argues that this section has been interpreted to confer standing to sue a defendant to whom the State has issued a "Notice of Violation." Id. LTCA has alleged that EFA and the Terrells submitted an application seeking permission to do the wall work and received a notice of violation from the Department of Environmental Quality. Id. (citing Br. Supp. (# 14-1) at 38 ¶ 26, at 40 ¶ 35, at 48, ¶ 72). Finally, LTCA argues that the actual Notice of Violation, Amended Answer (# 10-6) at 1, does not contradict this assertion. Id.

In its Reply, LTCA concedes that pursuant to Applewood, its claim for the violation of SPCA should not be asserted against Holbrook & Nichols and Holbrook. Reply (# 23) at 5 n.1. Therefore, to the extent that LTCA's motion seeks to add a claim for violation of the SPCA against Holbrook & Nichols and Holbrook, it must be denied.

A review of the record reveals that in proposed Count Five, LTCA acknowledges that the citation for a violation is contained in "Def. Ex. 4 to Answer." Mem. Supp. (# 14-1) at 48. The "Notice of Violation" was addressed to "EFA Properties, LLC, Attn: Lee & Suzie Terrel [sic]." Am. Answer (# 10-6) at 1. The body of the letter states "Dear Mr. and Mrs. Terrel." Id. Thus, LTCA is correct that the Terrells received a Notice of Violation from the North Carolina

9

Department of Environmental Quality. Moreover, a review of the Notice reveals that it was addressed to EFA and the Terrells. Consequently, LTCA's motion, to the extent it seeks to add the Terrells to Count Five, is granted.

### 3. LTCA's proposed Count Seven for conspiracy is denied.

EFA argues that LTCA's amendment to allow the proposed new Count Seven for conspiracy by EFA, the Terrells, Holbrook & Nichols, and Holbrook would be futile for two reasons. Resp. (# 19) at 11-14. First, EFA argues that the claim is barred by the intra-corporate conspiracy doctrine. Id. at 11-13. Second, EFA argues that the claim fails under the Twombly/Iqbal standard. Id. at 13-14.

Under the intra-corporate conspiracy doctrine, a corporation cannot conspire with itself. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1867 (2017). In the Fourth Circuit, two exceptions to the intra-corporate conspiracy doctrine have been recognized. Buschi v. Kirven, 775 F.2d 1240, 1252-53 (4th Cir. 1985). The first exception applies "when the officer has an independent personal stake in achieving the corporation's illegal objective." Id. at 1252 (citation omitted). The second exception applies when an agent commits an "unauthorized act." Id. at 1253 (citation and emphasis omitted).

In this case, in its proposed pleading, LTCA alleges that "[a]t all times relevant hereto, [Holbrook & Nichols] and Holbrook were agents of EFA and the Terrells, acting within the scope of their agency authority." Br. Supp. (# 14-1) at 34 (emphasis added). Similarly, LTCA's claims against the Terrells rely on the basic premise that "[a]t all times relevant hereto, the Terrells were agents of EFA, acting within the scope of their agency authority." Id. at 33 (emphasis added). The Court has reviewed the filings cited by LTCA, which are the Complaint (#1-14) at 1, 3, 4 and Brief in Support (# 14-1) at 50, and concludes that they do not support LTCA's argument. In particular,

LTCA has not made any concrete allegations that EFA, the Terrells, Holbrook & Nichols, or Holbrook acted in accordance with their <u>independent</u> <u>personal</u> <u>stake</u>. Rather, LTCA summarily argues that "the Terrells had an independent personal stake in achieving EFA's illegal objective. The Terrells intended to exclusively use and enjoy the converted areas of lake bed as the self-appointed 'Homeowners' and in their individual capacities." Reply (# 23) at 5. Consequently, proposed Count Seven is denied.

### 4. LTCA's proposed Count Eight to pierce the corporate veil of EFA is granted.

EFA next argues that because LTCA's proposed pleading fails to state a claim to pierce the corporate veil of EFA, Count Eight must be denied on the basis that amendment would be futile. Resp. (# 19) at 15-19. In particular, EFA argues that Count Eight will not survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>Id.</u>

EFA contends that LTCA's proposed Count Eight is governed by Louisiana law because it is the law of the state of EFA's incorporation. <u>Id.</u> at 15. The Court recognizes that in <u>Dassault Falcon Jet Corp. v. Oberflex, Inc.</u>, 909 F. Supp 345 (M.D.N.C. 1995), the court held that "[i]f the North Carolina Supreme Court were faced with a choice of law question for piercing the corporate veil, it would adopt the internal affairs doctrine and apply the law of the state of incorporation." <u>Id.</u> at 49. Whether North Carolina law or Louisiana law applies, a claim for piercing the corporate veil can be sustained where there are allegations that a member of a Limited Liability Company exercised such dominion and control that it ceased being a separate entity. <u>Compare</u> <u>Glenn v. Wagner</u>, 329 S.E.2d 326, 330-31 (N.C. 1985), <u>with</u> <u>Martin v. Spring Break 83 Prod., LLC</u>, 797 F. Supp. 2d 719, 725 (E.D. La. 2011), <u>aff'd</u> 688 F.3d 247 (5th Cir. 2012).

Moreover, because the outcome is the same, the choice of law issue need not be decided by this Court. <u>See</u> <u>Jo v. Piston Mfg., Inc.</u>, No. 406-CV-00076-F, 2009 WL 1578522, at *8

(E.D.N.C. June 2, 2009); see also Richmond v. Indalex Inc., 308 F. Supp. 2d 648, 659 (M.D.N.C. 2004) (recognizing that it did not matter whether North Carolina or Delaware law applied to piercing of the corporate veil because the result under both would be the same). Therefore, in this case, this Court need not determine whether North Carolina law or Louisiana law governs Count Eight.

Count Eight alleges that "the Terrells were the sole members of EFA and had total autonomy and control of EFA." Br. Supp. (# 14-1) at 51. In particular, "the Terrells exerted complete domination over EFA's policies, finances and business practices." Id. Also, "EFA was so operated by the Terrells that it is a mere instrumentality or alter ego of them." Id.

The Court concludes that LTCA's allegations are sufficient to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Ashcroft, 556 U.S. at 679 (noting that a party must only state a "plausible claim for relief."). Because amendment would not be futile, LTCA's motion, as it relates to Count Eight, is granted.

   E.   **The Terrells, Holbrook & Nichols, and Holbrook are necessary parties to this proceeding.**

      1.   **LTCA has not met its burden of satisfying Rule 19.**

EFA argues that LTCA bears the burden of proof under Federal Rule of Civil Procedure 19. Resp. Oppos. (# 19) at 20. EFA further argues that LTCA has failed to demonstrate how the Terrells, Holbrook & Nichols, and Holbrook are necessary for a just adjudication of the issues raised in the pleadings. Id.

A party making a Rule 19 motion bears the burden of proof. Wood, 429 F.3d at 92 (4th Cir. 2005); County of Brunswick v. Bond Safeguard Ins. Co., No. 7:12-CV-123-D, 7:12-CV-124-D, 2013 WL 663720, at *2 (E.D.N.C. Feb. 22, 2013). The Rule 19 inquiry rests in the sound discretion of the court. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v Rite Aid of S.C., Inc., 210

F.3d 246, 250 (4th Cir. 2000) (citing Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980)).

LTCA summarily argues that the requirements of Rule 19 are met with respect to the Terrells, Holbrook & Nichols, and Holbrook. Br. Supp. (# 14) at 4. LTCA concludes that in view of the alleged wrongful activities of these parties in connection with EFA, the Terrells, Holbrook & Nichols, and Holbrook are needed if complete relief between EFA and LTCA is to be rendered. Id. at 6. As EFA correctly points out, LTCA has failed to demonstrate how the Terrells, Holbrook & Nichols, and Holbrook are necessary for a just adjudication of the issues raised.

In addition, each of LTCA's proposed claims against the Terrells, Holbrook & Nichols, and Holbrook are premised on agency theory, which makes each a joint tortfeasor with EFA.[7] "It has long been the rule that it is not necessary for all joint tortfeasors to be named . . . in a single lawsuit." Temple v. Synthes Corp., Ltd. 498 U.S. 5, 7 (1990) (per curiam); Landress v. Tier One Solar LLC, 243 F. Supp. 3d 633, 642 n.10 (M.D.N.C. Mar. 21, 2017); Malibu Media, LLC v. Doe, No. RWT 13-CV-0512, 2015 WL 1402286, at *3 (D. Md. Mar. 25, 2015); see Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983) ("joint tortfeasors are not indispensable parties"); Fed. R. Civ. P. 19(a), advisory committee notes ("a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability"). Therefore, LTCA has not met its burden under Rule 19.

> **2. Joinder of the Terrells, Holbrook & Nichols, and Holbrook is appropriate under Rule 20.**

---

[7] "At all times relevant hereto, the Terrells were agents of EFA, acting within the scope of their agency authority. Any knowledge of the Terrells, or any one of them, is imputed to EFA." Br. Supp. (# 14-1) at 33 ¶ 6. At all times relevant hereto, [Holbrook & Nichols] and Holbrook were agents of EFA and the Terrells, acting within the scope of their agency authority. Any knowledge of said agents is imputed to EFA and the Terrells." Id. at 34 ¶ 9.

EFA concedes that some of LTCA's proposed new claims may satisfy the joinder standard under Federal Rule of Civil Procedure 20, but EFA opposes the addition of the new claims and parties. Resp. Oppos. (# 19) at 21. In particular, EFA contends that disposing of the action without the Terrells, Holbrook & Nichols, and Holbrook will not impair or impede LTCA's ability to protect its interests, and LTCA will not be subjected to a risk of incurring multiple or inconsistent obligations related to its interests. Id. at 21-22. Finally, EFA concludes that there is no indication that LTCA cannot be made whole for any relief it seeks from EFA should LTCA prevail on its counterclaims as they stand. Id. at 22.

Federal Rule of Civil Procedure 20 allows the joinder of persons in one action only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a common question of fact or law. Fed. R. Civ. P. 20(a)(2). In this case, LTCA has alleged that EFA, the Terrells, Holbrook & Nichols, and Holbrook have infringed upon LTCA's legal rights through the knowing and intentional construction of a sea wall and dock that violates the covenants, constitutes a trespass, a nuisance, and an attempted taking of LTCA's land and violates State law. Br. Supp. (# 14-1). LTCA seeks monetary damages, injunctive relief, punitive damages, costs and attorneys' fees from the counterclaim defendants, jointly and severally. Id. The Court concludes that LTCA's claims arose out of the same transaction or occurrence, or series thereof, and contains a question of fact or law common to all counterclaim defendants. Consequently, joinder of the Terrells, Holbrook & Nichols, and Holbrook is appropriate and will be granted.[8]

## IV. Conclusion

In light of the foregoing, the Court ORDERS as follows:

(1) LTCA's Motion for Leave to Join Additional Parties and Claims (# 13) is GRANTED

---

[8] Joinder of these parties is allowed under Rule 20 only to the extent that that this Court has not otherwise denied the request to join additional claims.

in part and DENIED in part; and

(2) Within two weeks from the date of this order, LTCA is DIRECTED to file a Second Amended Motion to Dismiss, Answer, and Counterclaims, which is consistent with the instant order. The Parties as amended are directed to file a Certification and Report of Initial Attorney's Conference within the times provided by Local Rule LCvR 16.1

Signed: January 4, 2018

Dennis L. Howell
United States Magistrate Judge